■ In the Matter of GREGORY BALCERAK, Respondent, v COUNTY OF NASSAU, Appellant. [711 NYS2d 501] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent County of Nassau which denied the petitioner's application for benefits under General Municipal Law § 207-c, the County of Nassau appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Lockman, J.), dated December 15, 1997, as granted renewal, and upon renewal, granted the petition to the extent of directing it to pay benefits to the petitioner under General Municipal Law § 207-c retroactive to June 14, 1996, to credit the petitioner for leave entitlements he used and would have earned, and to reimburse the petitioner for all incurred health insurance premiums that it should have paid. By decision and order dated January 25, 1999, this Court affirmed the judgment insofar as appealed from (Matter of Balcerak v County of Nassau, 257 AD2d 658). By order dated December 16, 1999, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court "for review of the County's argument that Supreme Court also erred in finding that the County did not have a rational basis for its decision denying [the petitioner] section 207-c benefits" (Matter of Balcerak v County of Nassau, 94 NY2d 253, 261).

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting the petition to the extent of directing the County of Nassau to pay benefits to the petitioner under General Municipal Law § 207-c retroactive to June 14, 1996, to credit the petitioner for leave entitlements he used and would have earned, and to reimburse him for all incurred health insurance premiums that should have been paid by the County of Nassau, and substituting therefor a provision denying the petition in its entirety and dismissing the proceeding; as so modified, the judgment is affirmed insofar as appealed from, with costs.

The petitioner is employed by the appellant, the County of Nassau, as a correction officer. On June 13, 1996, he was assigned to a "midnight shift" guarding an inmate who was a

patient at North Shore University Hospital. He was relieved of his post at 7:00 A.M. the next morning. While en route home after leaving the hospital, he was involved in an automobile accident. The petitioner subsequently applied for benefits under General Municipal Law § 207-c, which are provided to specified municipal employees who are "injured in the performance of [their] duties". The application was denied on the ground that the petitioner was off-duty when he was injured. The petitioner then commenced this proceeding pursuant to CPLR article 78 to challenge the determination.

The Supreme Court erred in concluding that the appellant did not have a rational basis for its decision. The petitioner had been relieved of his post, had left the hospital property, and was en route home in his own car when he was injured. Thus, the appellant's determination that the petitioner was not injured in the performance of his duties was a rational one (*see, Matter of Stead v Rockland County*, 195 AD2d 668).

The petitioner's remaining contentions are without merit. Santucci, J. P., Joy, Altman and Luciano, JJ., concur.