■ In the Matter of WILLIAM WYNNE, Appellant, v TOWN OF RAMAPO, Respondent. [728 NYS2d 785] —In a proceeding pursuant to CPLR article 78 to review a determination of a Judicial

Hearing Officer (Charde, J.H.O.), dated December 19, 1999, which confirmed a determination of the Chief of the Police Department of the Town of Ramapo, dated June 9, 1999, denying the petitioner benefits pursuant to General Municipal Law § 207-c, the appeal is from an order of the Supreme Court, Rockland County (Meehan, J.), dated June 12, 2000, which denied the petition in part and transferred the matter to this Court to decide whether the determination was supported by substantial evidence.

Ordered that the appeal is dismissed, without costs or disbursements, and the order is vacated, on the law; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

Since the petition raises a substantial evidence question, and the remaining points raised by the petitioner and disposed of by the Supreme Court are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the entire proceeding to the Appellate Division (*see, Matter of Magwood v Glass,* 240 AD2d 409). Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here in its entirety (*see, Matter of Magwood v Glass, supra*).

The petitioner, a police officer of the respondent, the Town of Ramapo, challenged the denial of benefits pursuant to General Municipal Law § 207-c for an injury to his hand. At a hearing, the petitioner testified that while off-duty and on vacation, he was driving through a part of the Village of Pomona in the Town of Haverstraw when he was flagged down by a resident who recognized him as a police officer. The resident's infant child had accidentally locked himself in his car. After the petitioner was unable to secure the assistance of the Town of Haverstraw police, he called the Town of Ramapo police dispatcher. However, the dispatcher, after speaking with a supervisor, advised the petitioner that there were no patrol cars available, and that the petitioner was not authorized to break the car window. The resident then called a locksmith, who would not be able to get to the scene for at least 1½ hours. The petitioner, with the permission of the resident, then used a hammer to break a window to free the child. As a result, the petitioner injured his hand. The petitioner testified that he was aware that, other than in high speed pursuits, the regulations of the police department of the Town of Ramapo required him to obtain permission to take any police action outside of the jurisdiction of the Town of Ramapo.

The determination that the petitioner was not acting as a police officer in breaking the window to free the child, and thus, is not entitled to benefits pursuant to General Municipal Law § 207-c, was rational and is supported by substantial evidence in the record (*see, Matter of Balcerak v County of Nassau,* 274 AD2d 580; *Matter of Stead v Rockland County,* 195 AD2d 668; *see generally, Matter of Balcerak v County of Nassau,* 94 NY2d 253).

The petitioner's remaining contentions lack merit. Ritter, J. P., McGinity, Luciano and Feuerstein, JJ., concur.