■ In the Matter of CORY A. BOYD, Respondent, v NEW YORK STATE CRIME VICTIMS BOARD, Appellant. [754 NYS2d 560] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Crime Victims Board dated September 11, 2000, which, after a hearing, denied the petitioner's application seeking tuition reimbursement after her son's involvement as a witness in a homicide case, the appeal is from an order of the Supreme Court, Westchester County (Angiolillo, J.), dated May 7, 2002, which granted the petition to the extent of vacating the denial of the claim for tuition reimbursement, and remitted the matter for further proceedings.

Ordered that the appeal is dismissed, without costs or disbursements, and the order is vacated; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

Since the petition raises a substantial evidence question, the Supreme Court should have transferred the entire proceeding to the Appellate Division (*see* CPLR 7804 [g]; *Matter of Wynne v Town of Ramapo,* 286 AD2d 338). Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here in the first instance (*see Matter of Wynne v Town of Ramapo, supra*).

The determination of the New York State Crime Victims Board (hereinafter the Board) is supported by substantial evidence. The petitioner failed to prove that the public school system in which her son had been enrolled could not adequately meet his academic needs after he suffered an adverse impact from his experience as a crime witness (*see Matter of Callicutt v State of New York, Exec. Dept., Crime Victims Bd.*, 245 AD2d 689). Accordingly, the Board properly rejected the petitioner's claim for reimbursement of private school tuition expenses. Santucci, J.P., Krausman, Adams and Crane, JJ., concur.