[803 NE2d 364, 771 NYS2d 43]

In the Matter of DENISE M. THEROUX et al., Appellants, v EDWARD REILLY, as Nassau County Sheriff, et al., Respondents.

In the Matter of DAVID WAGMAN, Appellant, v JOHN A. KAPICA, as Chief of the Town of Greenburgh Police Department, et al., Respondents.

In the Matter of LOREN S. JAMES, Appellant, v COUNTY OF YATES SHERIFF'S DEPARTMENT et al., Respondents.

Argued October 22, 2003; decided December 2, 2003

**POINTS OF COUNSEL**

*Certilman Balin Adler & Hyman,* East Meadow (*Wayne J. Schaefer* of counsel), for appellants in the first above-entitled

proceeding. I. Since petitioners were injured in the performance of their respective duties, the court below erred when it held that respondents' denial of General Municipal Law § 207-c benefits was not arbitrary and capricious, an abuse of discretion or affected by error of law. (*Matter of Curley v Dilworth*, 96 AD2d 903; *Matter of Mashnouk v Miles*, 55 NY2d 80; *Matter of Collins v City of Yonkers*, 207 AD2d 830; *Matter of Crawford v Sheriff's Dept., Putnam County*, 152 AD2d 382, 76 NY2d 704; *Glasser v Price*, 35 AD2d 98; *Matter of Laudico v Netzel*, 254 AD2d 811; *Matter of White v County of Cortland*, 97 NY2d 336; *Matter of Clements v Panzarella*, 297 AD2d 4; *Santangelo v State of New York*, 71 NY2d 393; *Cooper v City of New York*, 81 NY2d 584.) II. The holding of this Court in *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]) did not alter the requirements for obtaining General Municipal Law § 207-c benefits. (*Matter of Crawford v Sheriff's Dept., Putnam County*, 152 AD2d 382.) III. The remedial purpose of General Municipal Law § 207-c would be contravened by the ambiguous and subjective "heightened risk and duties" standard relied on by the court below.

*Lorna B. Goodman, County Attorney,* Mineola (*Dennis J. Saffran* and *David B. Goldin* of counsel), for respondents in the first above-entitled proceeding. I. *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]) established a "heightened risks and duties" standard of eligibility for General Municipal Law § 207-c benefits, and the routine workplace injuries incurred by petitioners did not meet this standard. (*Matter of Ertner v County of Chenango*, 280 AD2d 851; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449; *Ryan v New York Tel. Co.*, 62 NY2d 494; *Matter of James v County of Yates Sheriff's Dept.*, 300 AD2d 989; *Matter of Clements v Panzarella*, 297 AD2d 4; *Matter of Bonkoski v Village of Suffern*, 296 AD2d 404; *Matter of Dobbertin v Town of Chester*, 292 AD2d 382, 98 NY2d 605; *Matter of Travison v County of Albany*, 291 AD2d 705, 98 NY2d 605; *Youngs v Village of Penn Yan*, 291 AD2d 852; *Matter of Sutherland v Village of Suffern*, 289 AD2d 582, 97 NY2d 613.) II. *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]) should not be overruled less than four years after it was handed down. (*Eastern Consol. Props. v Adelaide Realty Corp.*, 95 NY2d 785; *Cenven, Inc. v Bethlehem Steel Corp.*, 41 NY2d 842; *City of Buffalo v Cargill, Inc.*, 44 NY2d 7; *People v Hobson*, 39 NY2d 479; *People v Damiano*, 87 NY2d 477; *Burnet v Coronado Oil & Gas Co.*, 285 US 393; *Planned Parenthood of Southeastern Pa. v Casey*, 505 US 833; *People v Bing*, 76 NY2d 331; *People v Bartolomeo*, 53 NY2d 225.)

*Donna M.C. Giliberto,* Albany, for New York State Conference of Mayors and Municipal Officials, amicus curiae, in the first above-entitled proceeding. I. The legislative history surrounding the enactment of General Municipal Law § 207-c and its amendments clearly warrants the limitation of its benefits to those law enforcement personnel injured or taken ill while performing the dangerous tasks for which they were hired. II. The statutory language of General Municipal Law § 207-c contemplates the granting of benefits only for injuries and illnesses incurred in the performance of the dangerous work which a police officer was hired to perform. (*Matter of White v County of Cortland,* 97 NY2d 336; *Matter of DePoalo v County of Schenectady,* 85 NY2d 527; *Matter of Ramsden v Regan,* 91 AD2d 773; *Matter of Martinson v Regan,* 176 AD2d 1121; *Matter of Robinson v New York State & Local Police & Fire Retirement Sys.,* 192 AD2d 951; *Matter of Curtis v New York State Comptroller,* 281 AD2d 780.) III. The standard used to determine eligibility for General Municipal Law § 207-c benefits is neither ambiguous nor subjective. (*Jacobellis v Ohio,* 378 US 184; *Matter of Ertner v County of Chenango,* 280 AD2d 851; *Matter of Sutherland v Village of Suffern,* 289 AD2d 582; *Matter of Wynne v Town of Ramapo,* 286 AD2d 338; *Youngs v Village of Penn Yan,* 291 AD2d 852; *Matter of Travison v County of Albany,* 291 AD2d 705; *Matter of Sills v Livingston,* 294 AD2d 922; *Matter of Clements v Panzarella,* 297 AD2d 4; *Matter of Bonkoski v Village of Suffern,* 296 AD2d 404.) IV. This Court's reference to heightened risk injuries as warranting an award of General Municipal Law § 207-c benefits was correct. (*Matter of Balcerak v County of Nassau,* 94 NY2d 253.)

*Richard A. Glickel,* West Nyack, for Town of Clarkstown and others, amici curiae, in the first above-entitled proceeding. I. There is no entitlement to General Municipal Law § 207-c benefits for injuries not incurred in the performance of special work related to the nature of heightened risks and duties inherent to the covered employment. (*Matter of DePoalo v County of Schenectady,* 85 NY2d 527; *Matter of Balcerak v County of Nassau,* 94 NY2d 253; *Matter of City of Watertown v State of New York Pub. Empl. Relations Bd.,* 95 NY2d 73; *Matter of Crawford v Sheriff's Dept., Putnam County,* 152 AD2d 382, 76 NY2d 704; *Matter of Maresco v Rozzi,* 162 AD2d 534; *Matter of Fedorczak v Dolce,* 202 AD2d 668; *Matter of De John v Town of Frankfort,* 209 AD2d 938; *Matter of Hamilton v City of Schenectady,* 210 AD2d 843; *Matter of Furch v Bucci,* 254 AD2d 642; *Matter of Clements v Panzarella,* 297 AD2d 4.) II. The court below cor-

rectly ruled that a rational basis existed for respondents' administrative determinations denying appellants General Municipal Law § 207-c benefits. (*Matter of Uniform Firefighters of Cohoes v City of Cohoes,* 94 NY2d 686; *Matter of DePoalo v County of Schenectady,* 85 NY2d 527; *Matter of City of Watertown v State of New York Pub. Empl. Relations Bd.,* 95 NY2d 73; *Matter of Balcerak v County of Nassau,* 94 NY2d 253; *Matter of Arrocha v Board of Educ.,* 93 NY2d 361; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 85 NY2d 480; *Matter of Conlon v Commissioner of Civ. Serv. of County of Suffolk,* 225 AD2d 766; *Matter of Collins v City of Yonkers,* 207 AD2d 830; *Matter of Sutherland v Village of Suffern,* 289 AD2d 582, 97 NY2d 613.)

*Freedman, Wagner, Tabakman & Weiss,* New City (*David MacRae Wagner* of counsel), for appellant in the second above-entitled proceeding. I. It is highly unlikely that this Court intended to change over 40 years of substantive law, in a case involving only a procedural issue, without clearly expressing such intent. (*Matter of Balcerak v County of Nassau,* 94 NY2d 253; *Matter of White v County of Cortland,* 97 NY2d 336; *Matter of Mashnouk v Miles,* 55 NY2d 80; *Matter of Theroux v Reilly,* 187 Misc 2d 723; *Matter of James v County of Yates Sheriff's Dept.,* 300 AD2d 989.) II. Any police officer injured in the performance of his duties is entitled to General Municipal Law § 207-c benefits. (*McCluskey v Cromwell,* 11 NY 593; *Matter of Theroux v Reilly,* 187 Misc 2d 723; *Matter of Erie County Agric. Socy. v Cluchey,* 40 NY2d 194; *Matter of Laudico v Netzel,* 254 AD2d 811; *Pajak v Pajak,* 56 NY2d 394.)

*Law Office of Vincent Toomey,* Lake Success (*Vincent Toomey* and *Christine A. Gaeta* of counsel), for respondents in the second above-entitled proceeding. I. In *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]), this Court established that in order for police officers to be eligible for General Municipal Law § 207-c benefits, their injuries must have been incurred in the performance of special work related to the nature of heightened risks and duties. (*Matter of Balcerak v County of Nassau,* 94 NY2d 253; *Matter of Sutka v Conners,* 73 NY2d 395; *Matter of Clements v Panzarella,* 297 AD2d 4; *Matter of Theroux v Reilly,* 187 Misc 2d 723, 297 AD2d 384, 99 NY2d 503; *Matter of White v County of Cortland,* 97 NY2d 336; *Matter of Gallante v Reilly,* 303 AD2d 503; *Matter of Schafer v Reilly,* 302 AD2d 394; *Matter of James v County of Yates Sheriff's Dept.,* 300 AD2d 989, 100

NY2d 504; *Matter of Stalter v Scarpato,* 297 AD2d 382; *Matter of Bonkoski v Village of Suffern,* 296 AD2d 404.) II. The court below properly applied the eligibility standard for General Municipal Law § 207-c benefits set forth by this Court in *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]) to correctly hold that the administrative determination denying petitioner General Municipal Law § 207-c benefits was not arbitrary or capricious. (*Matter of White v County of Cortland,* 97 NY2d 336.)

*Trevett, Lenweaver & Salzer, P.C.,* Rochester (*Katherine Piccola* and *Lawrence J. Andolina* of counsel), for appellant in the third above-entitled proceeding. I. Deputy James is entitled to General Municipal Law § 207-c benefits because he was injured while in the performance of special work related to the nature of heightened risks and duties unique to the criminal justice process. (*Matter of Dobbertin v Town of Chester,* 292 AD2d 382, 98 NY2d 605; *Brady v City of New Rochelle,* 296 AD2d 365; *Matter of Balcerak v County of Nassau,* 94 NY2d 253; *Matter of Ertner v County of Chenango,* 280 AD2d 851; *Matter of Dembowski v Hanna,* 245 AD2d 1039, 91 NY2d 813; *Matter of Geremski v Department of Fire of City of Syracuse,* 72 Misc 2d 166, 42 AD2d 1050, 33 NY2d 521; *Matter of Theroux v Reilly,* 297 AD2d 384; *Matter of Wagman v Kapcia,* 300 AD2d 406; *Matter of Clements v Panzarella,* 297 AD2d 4; *Matter of Bonkoski v Village of Suffern,* 296 AD2d 404.) II. General Municipal Law § 207-c benefits are not contingent upon the alleged heightened risks and duties standard. (*Matter of Theroux v Reilly,* 297 AD2d 384, 99 NY2d 503; *McCluskey v Cromwell,* 11 NY 593; *Matter of Erie County Agric. Socy. v Cluchey,* 40 NY2d 194; *Matter of White v County of Nassau,* 97 NY2d 336; *Matter of Curley v Dilworth,* 96 AD2d 903, 63 NY2d 770; *Matter of Laudico v Netzel,* 254 AD2d 811; *People v Bryant,* 92 NY2d 216; *Matter of Mashnouk v Miles,* 55 NY2d 80; *Matter of Balcerak v County of Nassau,* 274 AD2d 580; *Matter of Dobbertin v Town of Chester,* 292 AD2d 382.)

*Hancock & Estabrook, LLP,* Syracuse (*Janet D. Callahan* and *John F. Corcoran* of counsel), for respondents in the third above-entitled proceeding. I. The "heightened risks and duties" standard of *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]) is consistent with both the letter and spirit of General Municipal Law § 207-c. (*Matter of DePoalo v County of Schenectady,* 85 NY2d 527; *Matter of Clements v Panzarella,* 297 AD2d 4; *Matter of White v County of Cortland,* 97 NY2d 336;

*Matter of Laudico v Netzel,* 254 AD2d 811.) II. *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]) established a "heightened risks and duties" standard for entitlement to benefits under General Municipal Law § 207-c and petitioner did not meet that standard. (*Matter of White v County of Cortland,* 97 NY2d 336; *Matter of Clements v Panzarella,* 297 AD2d 4; *Matter of Stalter v Scarpato,* 297 AD2d 382; *Matter of Bonkoski v Village of Suffern,* 296 AD2d 404; *Matter of Sills v Livingston,* 294 AD2d 922; *Matter of Travison v County of Albany,* 291 AD2d 705, 98 NY2d 605; *Matter of Sutherland v Village of Suffern,* 289 AD2d 582, 97 NY2d 613; *Matter of Dobbertin v Town of Chester,* 292 AD2d 382, 98 NY2d 605; *Youngs v Village of Penn Yan,* 291 AD2d 852.)

*Law Office of James B. Tuttle,* Albany (*James B. Tuttle* of counsel), for Police Conference of New York, Inc., amicus curiae, in the three above-entitled proceedings. There is no legal requirement that a police officer be injured while engaged in duties specifically involving "heightened risks" in order to receive benefits under section 207-c of the General Municipal Law. (*Matter of Crawford v Sheriff's Dept., Putnam County,* 152 AD2d 382; *Matter of Curley v Dilworth,* 96 AD2d 903; *Matter of Ross v Town Bd. of Town of Ramapo,* 78 AD2d 656; *Matter of De John v Town of Frankfort,* 209 AD2d 938; *Matter of Maresco v Rozzi,* 162 AD2d 534; *Youngs v Village of Penn Yan,* 180 Misc 2d 190; *Matter of Fedorczak v Dolce,* 202 AD2d 668; *Langdon v WEN Mgt. Co.,* 147 AD2d 450; *Lee v Jones,* 230 AD2d 435.)

*Gleason, Dunn, Walsh & O'Shea,* Albany (*Ronald G. Dunn* and *Michael K. Barrett* of counsel), for New York State Deputies Association, Inc., amicus curiae, in the three above-entitled proceedings. I. Lower courts have improperly interpreted the dicta in *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]) as creating a new higher standard for the administration of General Municipal Law § 207-c benefits. (*Matter of Bonkoski v Village of Suffern,* 296 AD2d 404; *Matter of Travison v County of Albany,* 291 AD2d 705; *Matter of Sills v Livingston,* 294 AD2d 922; *Youngs v Village of Penn Yan,* 291 AD2d 852; *Matter of Stalter v Scarpato,* 297 AD2d 382; *Matter of Clements v Panzarella,* 297 AD2d 4; *Matter of Sutherland v Village of Suffern,* 289 AD2d 582; *Matter of Ertner v County of Chenango,* 280 AD2d 851; *Bright Homes v Wright,* 8 NY2d 157; *Matter of Metropolitan Life Ins. Co. v Boland,* 281 NY 357.) II. Injury or illness while performing official duties is the only requirement for General Municipal Law § 207-c benefits. (*Matter of Balcerak v*

*County of Nassau,* 94 NY2d 253; *People v Bryant,* 92 NY2d 216.) III. *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]) should be rectified in light of *Matter of White v County of Cortland* (97 NY2d 336 [2002]). (*Fasanaro v County of Rockland,* 166 Misc 2d 152, 237 AD2d 436, 90 NY2d 913; *Matter of Meyers v Loughren,* 228 AD2d 927; *Glens Falls Portland Cement Co. v Van Wirt Constr. Co.,* 132 Misc 95; *Harbeck v Pupin,* 123 NY 115; *Matter of Mlodozeniec v Worthington Corp.,* 9 AD2d 21, 8 NY2d 918; *Matter of Uniform Firefighters of Cohoes v City of Cohoes,* 258 AD2d 24; *Matter of Mashnouk v Miles,* 55 NY2d 80.) IV. Decisions prior to *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]) established a bright-line test for granting benefits under the statute. (*Fasanaro v County of Rockland,* 166 Misc 2d 152.)

**OPINION OF THE COURT**

READ, J.

At issue in this appeal is whether eligibility for benefits under General Municipal Law § 207-c is contingent upon the municipal employee's demonstrating an injury sustained in the performance of special work related to the heightened risks and duties inherent in law enforcement. We conclude that section 207-c does not require such a "heightened risk" standard.

I.

Originally enacted in 1961, General Municipal Law § 207-c provides for the payment of the full amount of regular salary or wages to a police officer or other covered municipal employee who is injured "in the performance of his duties" or is taken ill "as a result of the performance of his duties" (§ 207-c [1]). These payments continue until the disability has ceased, or the disabled employee is granted a disability retirement. The payments stop if the employee either performs, or refuses to perform, light-duty work. The municipality is also liable for all medical treatment and hospital care necessitated by the injury or illness. Payments for these medical expenses continue after the employee's retirement, and are bestowed in addition to any retirement allowance or pension.

When interpreting a statute, we turn first to the text as the best evidence of the Legislature's intent. "As a general rule, unambiguous language of a statute is alone determinative" (*Riley v County of Broome,* 95 NY2d 455, 463 [2000] [citation omitted]). Here, the text does not suggest any legislative intent to

create a "heightened risk" standard. Section 207-c affords eligibility to those covered municipal employees who are "injured in the performance of [their] duties," not to those who are "injured in the performance of duties entailing the heightened risk of law enforcement," or words to similar effect. If the Legislature had intended to restrict section 207-c eligibility to employees injured when performing specialized tasks, it easily could have and surely would have written the statute to say so. We may not create a limitation that the Legislature did not enact. Further, a statute's plain meaning must be discerned "without resort to forced or unnatural interpretations" (*Castro v United Container Mach. Group*, 96 NY2d 398, 401 [2001], citing McKinney's Cons Laws of NY, Book 1, Statutes § 232). Reading section 207-c in an unforced and natural manner, we conclude that the word "duties" encompasses the full range of a covered municipal employee's job duties.

Our interpretation is consistent not only with the statute's words, but also with legislative history. While repeatedly amending section 207-c to extend its benefits to additional classes of municipal employees,[1] the Legislature routinely referred to the important, often dangerous and stressful, work these employees perform day in and day out.[2] The Legislature thus pointed to "heightened risk" as the rationale for selecting additional classes of municipal employees for inclusion within section

---

1. In 1980, the Legislature amended section 207-c to add sheriffs, under-sheriffs and sheriff's department corrections officers to the list of covered employees. In 1985, 1990, 1991, 1993, 1996 (twice) and 1997, the Legislature extended section 207-c to additional classes of municipal employees; specifically, detective-investigators in the district attorney's office (L 1985, ch 696), Erie County corrections officers (L 1990, ch 885), Long Island Rail Road police officers (L 1991, ch 628), certain investigators in the office of a county's district attorney (L 1993, ch 565), Nassau County advanced ambulance medical technicians (L 1996, ch 476), certain Nassau County fire inspectors and fire marshals (L 1996, ch 621) and Nassau County probation officers (L 1997, ch 675).

2. For example, advanced ambulance medical technicians "are assigned to many of the same hazardous situations and potentially life-threatening duties" as police officers, and often respond to "life-threatening police assignments such as riots, hostage or barricade situations" (Senate Mem in Support of L 1996, ch 476, 1996 McKinney's Session Laws of NY, at 2418). Similarly, Nassau County probation officers "find themselves performing many of the functions performed by their counterparts in the police and corrections services," and "are exposed on a daily basis to the risks and dangers involved in managing an increasingly violent criminal population. In addition, they are regularly exposed to significant amounts of stress and aggravation, not to mention a high possibility of bodily injury that may result from the performance of their duties" (Senate Mem in Support of L 1997, ch 675, 1997 McKinney's Session Laws of NY, at 2648).

207-c, not as the standard for determining eligibility for section 207-c benefits.

Finally, the Legislature enacted section 207-c to create parity between police officers and firefighters, who had been eligible for the same benefits since 1938 under General Municipal Law § 207-a and its predecessor (*see* L 1961, ch 920; L 1938, ch 562, § 1). While section 207-a served as the template for section 207-c, Governor Nelson A. Rockefeller approved the bill enacting section 207-c at a price of the Legislature's fixing the "substantial problems" that had arisen in section 207-a's administration (*see* Governor's Mem approving L 1961, ch 920, 1961 McKinney's Session Laws of NY, at 2141). Notably, these "substantial problems" did not include the standard for determining eligibility. Thus, sections 207-a and 207-c share the identical operative phrase regarding eligibility—"in the performance of his duties."

There is every indication that municipalities have always awarded section 207-a benefits to firefighters without reference to whether the specific injury-causing activity was one entailing the "heightened risk" of firefighting (*see e.g. Matter of Robida v Mirrington*, 1 Misc 2d 968 [Sup Ct 1956] [firefighter injured while performing duties as master mechanic of the department]; *Matter of Adam v Farbo*, 16 Misc 2d 614 [Sup Ct 1959] [firefighter injured when he slipped during demonstration of new fire fighting technique]; *Matter of Kirley v Department of Fire, City of Oneida*, 138 AD2d 842 [3d Dept 1988] [firefighter injured when cleaning a firetruck]). Until very recently, municipalities seem to have likewise routinely awarded section 207-c benefits without regard to any "heightened risk" posed by the task that the employee was carrying out when injured (*see e.g. O'Dette v Parton*, 190 AD2d 1074, 1074 [4th Dept 1993] [deputy sheriff "was injured while on routine patrol in a sheriff's patrol vehicle"]); or the courts have thwarted municipalities seeking to impose this kind of limitation, regarding it as " 'out of harmony with the statute' " (*Matter of Laudico v Netzel*, 254 AD2d 811, 812 [4th Dept 1998] [citation omitted] [Court rejected municipality's rule to limit section 207-c eligibility to injuries occurring "as a direct result of contact with an inmate"]). What dramatically altered this picture was our decision in *Matter of Balcerak v County of Nassau* (94 NY2d 253 [1999]), to which we now turn.

## II.

In *Balcerak,* a Nassau County corrections officer applied for workers' compensation and section 207-c benefits following his injury while driving home from a special assignment. The officer received workers' compensation benefits, but the County denied him section 207-c benefits. The officer commenced an article 78 proceeding, arguing that he was entitled to section 207-c benefits because the County was bound, under collateral estoppel principles, by the Workers' Compensation Board's finding that he had been injured while on duty. We rejected his argument, noting that these two statutory benefit schemes "follow paths of differential interpretation and application" (*Balcerak,* 94 NY2d at 258). In fact, the Legislature chose different eligibility standards—"arising out of and in the course of employment" for workers' compensation benefits; "in the performance of his duties" for section 207-c benefits (*id.* at 258-259).

We compared the legislative rationale for enacting the two different benefit regimes:

> "General Municipal Law § 207-c benefits were meant to fulfill a narrow and important purpose. The goal is to compensate specified municipal employees for injuries incurred in the performance of special work related to the nature of heightened risks and duties. These functions are keyed to 'the criminal justice process, including investigations, presentencing, criminal supervision, treatment and other preventative corrective services' " (*id.* at 259, quoting Senate Mem in Support of L 1997, ch 675, 1997 NY Legis Ann, at 458 [adding Nassau County probation officers to section 207-c]).

By contrast, the Workers' Compensation Law "is the State's most general and comprehensive social program, enacted to provide all injured employees with some scheduled compensation and medical expenses, regardless of fault for ordinary and unqualified employment duties" (*id.* [citation omitted]).

We concluded that an officer might qualify for workers' compensation, but not for section 207-c benefits, offering this illustration:

> "[A] police officer may be entitled to Workers' Compensation benefits as a result of an injury during a Police Department team basketball practice

because the nature of the activities may allow the injury to be considered as 'arising out of and in the course' of the employment. That kind of injury, however, is not the heightened risk type intended to be deemed automatically as arising during the 'performance' of duties related to 'the criminal justice process' " (*id.* at 260 [quoted citation omitted]).

Knitting together this illustration and our discussion of the Legislature's stated rationale for selecting the classes of municipal employees covered by section 207-c, the Appellate Divisions in the cases before us read *Balcerak* to create a "heightened risk" standard. Under this standard, benefit eligibility turns on the nature of the specific task being performed by the employee at the time of injury; the employee is eligible for section 207-c benefits only if performing a task that entails a "heightened risk" peculiar to law enforcement work. The only question before us in *Balcerak*, however, was "whether a determination by the Workers' Compensation Board that an injury is work-related should, by operation of collateral estoppel, automatically entitle an injured employee to General Municipal Law § 207-c benefits" (*Balcerak*, 94 NY2d at 256). We did not set out to interpret the phrase "in the performance of his duties." Indeed, we remitted the case to the Appellate Division to address whether the officer was injured in the performance of his duties without specifying any standard for making this determination.[3]

Moreover, in *Matter of White v County of Cortland* (97 NY2d 336 [2002]) we rejected a "heightened standard of proof" to establish eligibility for section 207-c benefits (*id.* at 339). There, we stated that "[s]ection 207-c provides benefits to officers who are disabled 'in the performance of' or 'as a result of' their job duties and does not require that they additionally demonstrate that their disability is related in a substantial degree to their job duties" (*id.*). Consistent with *White*, we hold that in order to be eligible for section 207-c benefits, a covered municipal em-

---

**3.** Interestingly, on remand the Appellate Division held that Supreme Court had erred in concluding that the County did not have a rational basis for its decision because "[t]he [officer] had been relieved of his post, had left the hospital property [where he had been stationed], and was en route home in his own car when he was injured. Thus, the [County's] determination that the [officer] was not injured in the performance of his duties was a rational one" (*Matter of Balcerak v County of Nassau*, 274 AD2d 580, 581 [2d Dept 2000]). In other words, the officer was off duty and so was necessarily no longer performing his job duties when he was injured. There was no discussion of "heightened risk."

ployee need only prove a "direct causal relationship between job duties and the resulting illness or injury" (*id.* at 340 [citations omitted]). The word "duties" in section 207-c encompasses the full range of a covered employee's job duties.

### III.

In each of these three article 78 proceedings, the Appellate Division upheld the municipality's denial of section 207-c benefits to municipal employees based on erroneous application of a "heightened risk" standard to determine eligibility. Although we acknowledge that there are competing financial and policy considerations on both sides of this issue, "legislative intent is the great and controlling principle" (*Council of City of N.Y. v Giuliani*, 93 NY2d 60, 69 [1999]). The Legislature expressed its intent in the language of section 207-c, which manifestly does not restrict eligibility for its benefits in the manner advocated by the municipal respondents.

Accordingly, in *Theroux*, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated; in *Wagman*, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion; and in *James*, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT and GRAFFEO concur.

In *Matter of Theroux v Reilly*: Order reversed, etc.

In *Matter of Wagman v Kapica*: Order reversed, etc.

In *Matter of James v County of Yates Sheriff's Dept.*: Order reversed, etc.