■ In the Matter of GITA WEINGARTEN, Respondent, v CRIME VICTIMS BOARD, Appellant. [804 NYS2d 380]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Crime Victims Board dated February 10, 2003, which, after a hearing, denied the petitioner's application for compensation for loss of support, the appeal is from a judgment of the Supreme Court, Kings County (Schmidt, J.), dated March 18, 2004, which granted the petition, annulled the determination, and remitted the matter for further proceedings.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petition raises a question whether the determination, made as a result of a hearing held, at which evidence was taken pursuant to direction by law, is supported by substantial evidence (see CPLR 7803 [4]; *Matter of Shapiro v New York City Police Dept. [License Div.]*, 157 Misc 2d 28, 31-32 [1993], *affd* 201 AD2d 333 [1994]). Under the facts of this case, the Supreme Court should have transferred the proceeding to this Court (see CPLR 7804 [g]; Executive Law § 627 [4]; *Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]; *Matter of Boyd v New York State Crime Victims Bd.*, 302 AD2d 380 [2003]). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the matter de novo (see *Matter of Sureway Towing, Inc. v Martinez, supra*; *Matter of Boyd v New York State Crime Victims Bd., supra*).

The petitioner contends that she is entitled to compensation for loss of support because her deceased husband obtained income from capital gains. However, the determination of the Crime Victims Board denying compensation for loss of support to the petitioner based on that income is supported by substantial evidence in the record as a whole and should not be disturbed (see *Matter of Goldberg v Crime Victims Bd.*, 234 AD2d 370, 371 [1996]; *Matter of Rigaud v Crime Victims Compensation Bd.*, 94 AD2d 602, 603 [1983]). Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.