In the Matter of JEFFREY SCHMIDT, Respondent, v PUTNAM COUNTY OFFICE OF THE SHERIFF et al., Appellants. [854 NYS2d 178]—

In order to be eligible for disability benefits pursuant to General Municipal Law § 207-c, a covered municipal employee need only prove a direct causal relationship between job duties and the resulting illness or injury (*see Matter of White v County of Cortland,* 97 NY2d 336, 340 [2002]). The word "duties" in General Municipal Law § 207-c encompasses the full range of a covered employee's job duties (*see Matter of Theroux v Reilly,* 1 NY3d 232, 244 [2003]). Preexisting nonwork-related conditions do not bar recovery under General Municipal Law § 207-c when the petitioner demonstrates that the job duties were a direct cause of the disability (*see Matter of White v County of Cortland,* 97 NY2d 336, 340 [2002]).

Here, there is no dispute that the petitioner was capable of performing all of his job duties prior to his fall, which occurred in the performance of his duties on January 31, 2003. Although the petitioner's medical records refer to preexisting injuries to the petitioner's knees, the records unequivocally established that the petitioner sustained acute bilateral medial meniscal tears with subsequent surgical repair and disability as a result of his on-the-job fall on January 31, 2003. The records also demonstrated that the petitioner's line-of-duty injuries were a direct cause of his disability.

Accordingly, the Putnam County Sheriff's denial was not rationally based upon the evidence presented and thus, the Supreme Court properly found the denial to be arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of White v County of Cortland,* 97 NY2d 336 [2002]).

The appellants' remaining contentions are without merit. Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.