■ In the Matter of LINDA L. DIMEGLIO, Petitioner, v VILLAGE OF BRIARCLIFF MANOR, NEW YORK, et al., Respondents. [888 NYS2d 436]—

Proceeding pursuant to CPLR article 78, inter alia, to review an arbitrator's award dated July 31, 2006, which sustained the determination of the Village of Briarcliff Manor, New York, dated January 11, 2006, denying the petitioner disability benefits under General Municipal Law § 207-c.

Adjudged that the award is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner, an employee of the Village of Briarcliff Manor Police Department, allegedly sustained injuries to her back and left knee on December 28, 2005 when she fell while changing into her uniform in the women's locker room of the police station.

As it is undisputed that the injury here occurred before the petitioner had begun her 3:00 P.M. to 11:00 P.M. tour of duty, and the petitioner herself stipulated during the arbitration hearing that she "was not performing any job duty or taking any other action listed on the job description form" at the time of her injury, the determination that the petitioner is not entitled to benefits pursuant to General Municipal Law § 207-c is supported by substantial evidence in the record (*see Matter of Wynne v Town of Ramapo,* 286 AD2d 338 [2001]; *Matter of Balcerak v County of Nassau,* 274 AD2d 580, 581 [2000]).

In light of our determination, the remaining contention of the respondent Village of Briarcliff Manor, New York, need not be addressed. Covello, J.P., Santucci, Chambers and Lott, JJ., concur.