■ In the Matter of CHARLES LOWTHER, Deputy Sheriff, Appellant, v COUNTY OF ROCKLAND et al., Respondents. [996 NYS2d 665]—

In a proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated November 24, 2012, made after a hearing, which confirmed a determination of the Rockland County Sheriff dated May 12, 2011, denying the

petitioner benefits pursuant to General Municipal Law § 207-c, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated February 25, 2013, which sustained the determination and denied the petition.

Ordered that the appeal is dismissed, and the judgment is vacated; and it is further,

Adjudged that the determination dated November 24, 2012, is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

When a petition raises a question of whether an administrative determination is supported by substantial evidence, the proceeding should be transferred from the Supreme Court to this Court to address that issue (see CPLR 7804 [g]). As a result, we will treat this matter as one which had been transferred here by the Supreme Court and review the administrative determination de novo (see Matter of Sullivan v County of Rockland, 121 AD3d 700 [2d Dept 2014]; Matter of Konstas v Environmental Control Bd. of City of N.Y., 104 AD3d 689 [2013]; Matter of Wynne v Town of Ramapo, 286 AD2d 338, 339 [2001]).

The standard of review in an administrative determination made after a hearing is limited to considering whether the determination was supported by substantial evidence (see CPLR 7803 [4]; Matter of Berenhaus v Ward, 70 NY2d 436 [1987]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). The test of whether the administrative determination is supported by substantial evidence is whether, on the record, a reasonable person might have made the findings and conclusions made by the administrative agency (see Matter of Berenhaus v Ward, 70 NY2d at 443; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]).

In order to be eligible for disability benefits pursuant to General Municipal Law § 207-c, a covered municipal employee must prove a direct causal relationship between job duties and the resulting illness or injury (see Matter of Theroux v Reilly, 1 NY3d 232 [2003]; Matter of White v County of Cortland, 97 NY2d 336, 340 [2002]; Matter of Tancredi v Town of Harrison/Vil. of Harrison Police Dept., 72 AD3d 832 [2010]; Matter of Schmidt v Putnam County Off. of Sheriff, 49 AD3d 761 [2008]). Here, the determination that the petitioner was not entitled to benefits pursuant to General Municipal Law § 207-c is supported by substantial evidence in the record (see Matter of DiMeglio v Village of Briarcliff Manor, N.Y., 67 AD3d 908 [2009]; Matter of Wynne v Town of Ramapo, 286 AD2d 338 [2001]).

The petitioner's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.