■ In the Matter of ROBERT LYNN, Respondent, v TOWN OF CLARKSTOWN et al., Appellants. [16 NYS3d 574]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Chief of Police of the Town of Clarkstown Police Department dated August 14, 2012, which denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c, the Town of Clarkstown and the Police Commission of the Town of Clarkstown appeal from a judgment of the Supreme Court, Rockland County (Loehr, J.), dated July 12, 2013, which granted the petition and, in effect, annulled the determination.

Ordered that the judgment is affirmed, with costs.

On July 3, 2012, the petitioner, a police officer employed by the Town of Clarkstown, was on patrol duty and reported that he was injured when he fell while walking to his patrol vehicle. Thereafter, he was absent from work due to his injuries and applied for benefits pursuant to General Municipal Law § 207-c. The Town's Chief of Police denied the petitioner's application on the ground that he was not injured in the performance of his duties. The petitioner commenced this CPLR article 78 proceeding to review that determination and compel an award of benefits. The Supreme Court granted the petition and, in effect, annulled the determination.

A determination denying an application for General Municipal Law § 207-c benefits may be annulled only if it was arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Tancredi v Town of Harrison/Vil. of Harrison Police Dept.*, 72 AD3d 832, 833 [2010]; *Matter of Schmidt v Putnam County Off. of Sheriff*, 49 AD3d 761 [2008]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]).

In order to be entitled to General Municipal Law § 207-c benefits, "a covered municipal employee need only prove a 'direct causal relationship between job duties and the resulting illness or injury' " (*Matter of Theroux v Reilly*, 1 NY3d 232, 243-244 [2003], quoting *Matter of White v County of Cortland*, 97 NY2d 336, 340 [2002]; *see Matter of Lowther v County of Rockland*, 122 AD3d 845, 846 [2014]). The word "duties" in General Municipal Law § 207-c "encompasses the full range of a covered employee's job duties" (*Matter of Theroux v Reilly*, 1 NY3d at 244). Here, the Supreme Court properly found that the petitioner was injured in the performance of his duties, and that the denial of section 207-c benefits was arbitrary and capricious (*see Matter of Dobbertin v Town of Chester*, 292 AD2d 382, 384 [2002]; *cf. Matter of DiMeglio v Village of*

*Briarcliff Manor, N.Y.*, 67 AD3d 908 [2009]). Accordingly, the Supreme Court properly granted the petition and, in effect, annulled the determination. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.