Matter of Lavin v Incorporated Vil. of Muttontown (2018 NY Slip Op 06909)





Matter of Lavin v Incorporated Vil. of Muttontown


2018 NY Slip Op 06909


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-04604
 (Index No. 1881/16)

[*1]In the Matter of Jennifer Lavin, respondent,
v
Incorporated Village of Muttontown, et al., appellants.


Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Steven G. Leventhal of counsel),
for appellants.
Lavallee Law Offices PLLC, Farmindgale, NY (Roger F. Weber of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Chief of Police of the Muttontown Police Department, which denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c, the Incorporated Village of Muttontown and Phil T. Pulaksi, in his capacity as the Chief of Police of the Muttontown Police Department, appeal from a judgment of the Supreme Court, Nassau County (Bruce R. Cozzens, Jr., J.), entered March 24, 2017. The judgment granted the petition, annulled the determination, and awarded the petitioner benefits pursuant to General Municipal Law § 207-c.
ORDERED that the judgment is affirmed, with costs.
On November 8, 2015, the petitioner, a police officer employed by the Muttontown Police Department, was injured while trying to subdue an emotionally disturbed person. Thereafter, she was absent from work due to her injuries and applied for Workers' Compensation benefits, which were granted, and for benefits pursuant to General Municipal Law § 207-c. The Chief of Police of the Muttontown Police Department denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c. The petitioner commenced this CPLR article 78 proceeding to review that determination and compel an award of benefits. The Supreme Court granted the petition, annulled the determination, and awarded the petitioner benefits. We affirm, albeit on a ground different from that relied upon by the court.
Contrary to the determination of the Supreme Court, the Workers' Compensation Board's determination in favor of the petitioner did not collaterally estop the Incorporated Village of Muttontown and the Chief of Police (hereinafter together the appellants) from denying the petitioner's application for General Municipal Law § 207-c benefits. "[A] determination by the Workers' Compensation Board that an injury is work-related" does not, "by operation of collateral estoppel, automatically entitle an injured employee to General Municipal Law § 207-c benefits" (Matter of Balcerak v County of Nassau, 94 NY2d 253, 256; see Matter of Diegelman v City of Buffalo, 28 NY3d 231, 236-237). "General Municipal Law 207-c benefits apply to a narrower class of work-related injury, relative to the performance of law enforcement duties" (Matter of Campo v [*2]City of Mount Vernon, 156 AD3d 694, 694).
A determination denying an application for benefits pursuant to General Municipal Law § 207-c may be annulled only if it was arbitrary and capricious (see CPLR 7803[3]; Matter of Tancredi v Town of Harrison/Vil. of Harrison Police Dept., 72 AD3d 832, 833; Matter of Schmidt v Putnam County Off. of Sheriff, 49 AD3d 761). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see e.g. Matter of Miele v Town of Clarkstown, 299 AD2d 362, 362-363).
In order to establish entitlement to General Municipal Law § 207-c benefits, a municipal employee must prove a "direct causal relationship between job duties and the resulting illness or injury" (Matter of Theroux v Reilly, 1 NY3d 232, 244 [citations and internal quotations omitted]; see Matter of Lynn v Town of Clarkstown, 131 AD3d 968, 968). Here, the appellants' denial of the petitioner's application for benefits under General Municipal Law § 207-c was arbitrary and capricious. The documentation in the record established a causal connection between the performance of the petitioner's duties and her injuries.
The appellants' remaining contention is without merit.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court