Matter of Williams v County of Onondaga (2023 NY Slip Op 02262)

Matter of Williams v County of Onondaga

2023 NY Slip Op 02262

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

969 TP 22-01061

[*1]IN THE MATTER OF SONYA WILLIAMS, PETITIONER,
v
COUNTY OF ONONDAGA, ONONDAGA COUNTY LEGISLATURE, EUGENE J. CONWAY, AS SHERIFF OF ONONDAGA COUNTY AND SUSAN C. DEMARI, AS CHIEF DEPUTY/CIVIL DEPARTMENT OF ONONDAGA COUNTY SHERIFF'S OFFICE, RESPONDENTS. 

DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., ALBANY (AARON E. KAPLAN OF COUNSEL), FOR PETITIONER. 
COUGHLIN & GERHART, LLP, BINGHAMTON (ANGELO D. CATALANO OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Joseph E. Lamendola, J.], entered April 11, 2022) to review a determination of respondent County of Onondaga. The determination denied the application of petitioner for General Municipal Law § 207-c benefits. 
It is hereby ORDERED that the determination is unanimously annulled on the law without costs and the petition is granted.
Memorandum: Petitioner, a correction officer employed by the County of Onondaga (respondent), commenced this CPLR article 78 proceeding seeking to annul respondent's determination denying petitioner's application for benefits pursuant to General Municipal Law § 207-c. The proceeding arises from an incident wherein petitioner discovered three laundry bags in the middle of a hallway on the housing unit floor. Petitioner thought the bags blocking the hallway were a safety concern to persons walking the hallway, so she tried to move the bags close to the wall. When attempting to move one of the bags, she felt a "pop" in her shoulder. Following that incident, petitioner applied for General Municipal Law § 207-c benefits based on allegations that she sustained a shoulder injury in the course of her employment, which respondent denied based on the determination that petitioner's injury did not occur as a result of the performance of her duties. Pursuant to a memorandum of agreement between, among others, petitioner's union and respondent, a hearing was held on the issue whether petitioner's injury occurred as the result of the performance of her duties. The Hearing Officer found that the laundry bags in the hallway posed a safety hazard and that petitioner had a duty to remedy the situation immediately, and thus recommended that petitioner receive the section 207-c benefits. Respondent issued a final determination rejecting the Hearing Officer's recommendation and denied petitioner's application. Petitioner thereafter commenced this proceeding.
Initially, we note that Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) on the ground that the petition raised a substantial evidence issue. Respondent's determination "was not 'made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law' (CPLR 7803 [4]). Rather, the determination was the result of a hearing conducted pursuant to the terms of [an] agreement" between petitioner's union and respondent (Matter of Erie County Sheriff's Police Benevolent Assn., Inc. v County of Erie, 159 AD3d 1561, 1561 [4th Dept 2018]; see Matter of Ridge Rd. Fire Dist. v Schiano, 41 AD3d 1219, 1220 [4th Dept 2007]). Nevertheless, in the interest of judicial economy, we consider the merits of the petition (see Erie County Sheriff's Police Benevolent Assn., Inc., 159 AD3d at [*2]1561-1562).
Our review of this administrative determination is limited to whether the determination "was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; see Erie County Sheriff's Police Benevolent Assn., Inc., 159 AD3d at 1562). A determination "is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts . . . An agency's determination is entitled to great deference . . . and, [i]f the [reviewing] court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Thompson v Jefferson County Sheriff John P. Burns, 118 AD3d 1276, 1277 [4th Dept 2014] [internal quotation marks omitted]).
In order to establish entitlement to General Municipal Law § 207-c benefits, petitioner must establish a "direct causal relationship between job duties and the resulting illness or injury" (Matter of Theroux v Reilly, 1 NY3d 232, 244 [2003] [internal quotation marks omitted]). Here, we conclude that petitioner established "such a direct causal relationship and thus demonstrated [her] entitlement to benefits under General Municipal Law § 207-c" (Matter of Casselman v Village of Lowville, 2 AD3d 1281, 1281-1282 [4th Dept 2003]). Petitioner testified at the hearing that she thought the laundry bags outside the main entrance door were a "safety issue," particularly because they would block other officers from moving through the hallway quickly and because persons using the hallway may get hurt. She further testified that her training and job responsibilities required her to address safety concerns. Petitioner also submitted documentary evidence that correction officers were under the duty to ensure that laundry bags are not placed on the housing unit floor at any time. Moreover, it is undisputed that there was no policy prohibiting correction officers from moving laundry bags. Although respondent submitted testimony that correction officers should order inmates to move laundry bags, that testimony did not address the location of the laundry bags and the safety hazard posed by laundry bags left in a hallway. We therefore conclude that the determination to deny petitioner's application for section 207-c benefits was arbitrary and capricious (see Matter of Lynn v Town of Clarkstown, 131 AD3d 968, 968-969 [2d Dept 2015], lv denied 26 NY3d 918 [2016]; Matter of D'Accursio v Monroe County, 74 AD3d 1908, 1909 [4th Dept 2010], lv denied 15 NY3d 710 [2010]).
In light of our determination, we do not address petitioner's remaining contention.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court