City of New York v County of Nassau (2024 NY Slip Op 03468)

City of New York v County of Nassau

2024 NY Slip Op 03468

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-00177
 (Index No. 604244/14)

[*1]City of New York, respondent,
v
County of Nassau, appellant.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag, Samantha A. Goetz, and Ian Bergström of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Sarah Paulson of counsel), for respondent.

DECISION & ORDER
In an action for reimbursement of police training expenses pursuant to General Municipal Law § 72-c, the defendant appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered January 4, 2022. The order granted the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, City of New York, commenced this action against the defendant, County of Nassau, for reimbursement of police training expenses pursuant to General Municipal Law § 72-c incurred on behalf of two police officers formerly employed by the New York City Police Department (hereinafter the NYPD). According to the complaint, the officers attended and graduated from the NYPD police academy in 2012. In 2013, both officers resigned from the NYPD to work as police officers in the Nassau County Police Department. In an order entered January 4, 2022, the Supreme Court granted the City's motion for summary judgment on the complaint. The County appeals.
The City established its prima facie entitlement to judgment as a matter of law on the complaint seeking reimbursement of police training expenses for the two officers. General Municipal Law § 72-c provides in relevant part: "whenever a member of the police department of a municipal corporation has attended a police training school, the expense of which was borne by such municipal corporation, terminates employment with such municipal corporation and commences employment with any other municipal corporation or employer county sheriff, such employer municipal corporation or employer county sheriff shall reimburse the prior employer municipal corporation for such expenses . . . if such change in employment occurs within three years of such member's graduation from police training school." Here, the City established that the two officers successfully completed police training at the NYPD police academy, and that both officers left their employment with the NYPD and joined the Nassau County Police Department prior to completing three years of service with the NYPD.
In opposition, the County failed to raise a triable issue of fact. Contrary to the County's contention, the NYPD police academy qualifies as a "police training school" within the meaning of General Municipal Law § 72-c because the statute's "words of ordinary import" should be construed "with their usual and commonly understood meaning" (Rosner v Metropolitan Prop. & Liab. Ins. Co., 96 NY2d 475, 479). Further, the statute does not require that police officers be issued a certificate of satisfactory completion of a police basic training program by the Municipal Police Training Council (hereinafter MPTC) (see Executive Law § 839), as provided for by General Municipal Law § 209-q(1)(a), in order to trigger entitlement to reimbursement under General Municipal Law § 72-c. Indeed, in order to transfer from the police department of another municipality to the Nassau County Police Department, a police officer who does not have an MPTC certificate may obtain a waiver by showing completion of equivalent police officer training. Thus, a waiver of the MPTC certification requirement of General Municipal Law § 209-q may be obtained for officers who received police training from the NYPD.
The City established its prima facie entitlement to an award of $88,689.96 in reimbursement costs by submitting an affidavit of the Director of the Management and Budget Analysis Section of the NYPD, which itemized the reimbursable amounts owed for each officer under General Municipal Law § 72-c. Contrary to the County's contention, the City submitted sufficient evidence in support of its methods of calculation.
In opposition, the County failed to raise a triable issue of fact. Contrary to the County's contention, the statute provides for reimbursement for the "expense" borne by a municipal corporation for an officer's attendance at a police training school, and that "such expenses" include "salary, tuition, enrollment fees, books, and the cost of transportation to and from training school" (id.). As there is no indication that the Legislature intended to restrict the applicability of the statute to the listed expense categories, the court will not create such a limitation (see Matter of Theroux v Reilly, 1 NY3d 232, 240).
Accordingly, the Supreme Court properly granted the City's motion for summary judgment on the complaint and determined that it was entitled to an award of $88,689.96 in reimbursement costs pursuant to General Municipal Law § 72-c.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court