Matter of City of Rochester v Firefighter Remington Reyes (2025 NY Slip Op 02442)

Matter of City of Rochester v Firefighter Remington Reyes

2025 NY Slip Op 02442

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

107 TP 24-01265

[*1]IN THE MATTER OF CITY OF ROCHESTER, PETITIONER,
v
FIREFIGHTER REMINGTON REYES, RESPONDENT. 

PATRICK N. BEATH, CORPORATION COUNSEL, ROCHESTER (CHRISTOPHER S. NOONE OF COUNSEL), FOR PETITIONER.
TREVETT CRISTO P.C., ROCHESTER (DANIEL P. DEBOLT OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Monroe County [Elena F. Cariola, J.], entered September 15, 2022) to review a determination that respondent is entitled to benefits pursuant to section 8B-5 of the Charter of the City of Rochester. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks to annul a determination, following a hearing conducted pursuant to the collective bargaining agreement between petitioner and the union representing respondent, that respondent was injured while performing his duties as a firefighter employed by petitioner and therefore is entitled to benefits pursuant to section 8B-5 of the Charter of the City of Rochester.
Respondent was injured when he severed the tendon in his left thumb while helping prepare lunch for himself and the other firefighters at a firehouse kitchen. At the time he cut his thumb, respondent was working a shift as a firefighter, and had just returned from the grocery store in the fire truck with the other firefighters.
At the outset, we note that Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) inasmuch as the hearing was not conducted pursuant to a direction by law but, rather, was held pursuant to the terms of an agreement between the parties (see Matter of Williams v County of Onondaga, 215 AD3d 1291, 1292 [4th Dept 2023], lv denied 40 NY3d 908 [2023]). Nevertheless, in the interests of judicial economy, we consider the merits of the petition (see id.), and we confirm the determination and dismiss the petition.
Our review of an administrative determination such as this is limited to whether the determination "was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; see Williams, 215 AD3d at 1292). A determination "is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts . . . An agency's determination is entitled to great deference . . . and, [i]f the [reviewing] court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Thompson v Jefferson County Sheriff John P. Burns, 118 AD3d 1276, 1277 [4th Dept 2014] [internal quotation marks omitted]). Here, the Hearing Officer wrote in his decision that he was persuaded by testimony and evidence demonstrating the value of firefighters preparing and eating meals together, and the Hearing Officer determined that respondent established that there was a direct causal relationship between his job duties and his injury (see generally Matter of Theroux v Reilly, 1 NY3d 232, 240-241 [2003]). "[T]he Hearing Officer was entitled to weigh [*2]the parties' conflicting . . . evidence and to assess the credibility of the witnesses, and '[w]e may not weigh the evidence or reject [the Hearing Officer's] choice where the evidence is conflicting and room for a choice exists' " (Matter of Erie County Sheriff's Police Benevolent Assn., Inc. v County of Erie, 159 AD3d 1561, 1562 [4th Dept 2018]). Thus, we conclude that the Hearing Officer's "determination is supported by a rational basis" and is not arbitrary or capricious (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]).
We have reviewed petitioner's remaining contentions and conclude that none warrants annulment of the determination.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court