■ In the Matter of CHRISTOPHER W. STIMPSON, Appellant, v MICHAEL S. DELONG et al., Respondents. [817 NYS2d 112]—

In a proceeding pursuant to CPLR article 78, in effect, to review so much of a determination of the Village of Scarsdale Human Resources Department, dated June 30, 2004, as limited to the benefits which the petitioner was to be paid pursuant to General Municipal Law § 207-a to the salary that the petitioner was earning as a probationary employee, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), entered March 4, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Less than two months after being hired as a probationary firefighter by the Village of Scarsdale (hereinafter the Village), the petitioner was injured in the course of his training, and he never became a permanent employee of the Village. The Village determined that the disabled petitioner was eligible to continue receiving his "regular salary or wages," pursuant to General Municipal Law § 207-a, and that such payments were to be equal to the wages that the petitioner was earning as a probationary employee at the time of his injury. The petitioner commenced this proceeding to review so much of the Village's determination as limited the amount of the wages he would receive under General Municipal Law § 207-a and to compel the Village to pay him annual salary increases, as well as health insurance premiums and other employee benefits.

The Supreme Court properly denied the petition. The "regular salary or wages" payable to disabled firefighters under General Municipal Law § 207-a includes salary increases "given to active firefighters in the same grade or title held by the injured firefighter at the time of the injury" (*Matter of Aitken v City of Mount Vernon*, 200 AD2d 667, 668 [1994]; *see Matter of Mashnouk v Miles*, 55 NY2d 80, 84, 88 [1982]; *Matter of Drahos v Village of Johnson City*, 80 AD2d 106, 107 [1981]; *Pease v Colucci*, 59 AD2d 233, 235 [1977]). The sole source of any entitlement to the salary increases and other benefits sought by the petitioner was the collective bargaining agreement between the Village and the local firefighter's union, an agreement which, by its terms, applied only to permanent employees (*cf. Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local*

*2562, IAFF, AFL-CIO]*, 94 NY2d 686, 694 [2000]). In a prior arbitration, it was determined that the petitioner could not be considered a permanent employee, and that determination was confirmed by the Supreme Court in an order from which no appeal was taken. Contrary to the petitioner's contention, General Municipal Law § 207-a, though remedial in nature (*see Matter of Mashnouk v Miles, supra* at 88), cannot be read so expansively as to, in effect, retroactively change his employment status from probationary to permanent. Thus, the petitioner, a probationary employee at the time of his injury, is not eligible for the salary increases and benefits demanded in his petition. Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.