In the Matter of BOARD OF COOPERATIVE EDUCATIONAL SERVICES FOR THE SECOND SUPERVISORY DISTRICT OF ERIE, CHAUTAUQUA AND CATTARAUGUS COUNTIES, et al., Petitioners, v UNIVERSITY OF THE STATE EDUCATION DEPARTMENT et al., Respondents. (Proceeding No. 1.) In the Matter of KELLY SERVICES, INC., Appellant, v UNIVERSITY OF THE STATE EDUCATION DEPARTMENT et al., Respondents. (Proceeding No. 2.) [838 NYS2d 197]—

Crew III, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 9, 2006 in Albany County, which dismissed petitioners' applications, in two proceedings pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education annulling a contract for per diem substitute teaching services.

On August 25, 2003, petitioner Board of Cooperative Educational Services for the Second Supervisory District of Erie, Chautauqua and Cattaraugus Counties (hereinafter BOCES), one of the petitioners in proceeding No. 1, and petitioner in proceeding No. 2, Kelly Services, Inc., entered into a contract obligating Kelly to provide per diem substitute teachers for

BOCES. Thereafter, respondent Joseph E. Sweeny, a resident taxpayer of a component school district of BOCES, commenced an administrative proceeding pursuant to Education Law § 310 seeking annulment of the agreement upon the ground that BOCES lacked legal authority to contract with Kelly to provide instructional services. Respondent Commissioner of Education ruled that BOCES indeed lacked legal authority to provide instructional services through Kelly and annulled the contract. As a consequence, Kelly, BOCES and its District Superintendent, petitioner Richard G. Timbs, commenced the instant CPLR article 78 proceedings seeking to annul the Commissioner's determination. Supreme Court dismissed the petitions, prompting this appeal by Kelly.

Initially, Kelly contends that Sweeny lacked standing to challenge the contract here. We disagree. Inasmuch as BOCES receives state funds (see Education Law § 1950 [5]) and each of the component school districts of BOCES share in its budget expenditures (see Education Law § 1951 [1]), and because Sweeny pays state and local taxes to a component school district of BOCES, it was rational for the Commissioner to have determined that an alleged illegal expenditure of funds by BOCES constitutes an illegal expenditure of the funds of a component school district, thereby affording Sweeny legal standing to challenge such expenditures.

Next, Kelly contends that the Commissioner's determination is arbitrary, capricious, irrational and affected by an error of law. Again, we disagree. It is now very well settled that the construction of a statute by the agency responsible for its administration, if not irrational, will be upheld (see e.g. Matter of Howard v Wyman, 28 NY2d 434, 438 [1971]). Education Law § 1950 (4) (h) specifically delineates the parties with whom BOCES may contract and the purposes such contracts may entail. The statute does not include for-profit corporations such as Kelly. Accordingly, we do not find the Commissioner's statutory interpretation to have been irrational, arbitrary or capricious. Finally, to the extent that Kelly contends that the contract in question is implicitly authorized by Education Law § 1950 (4) (e), we need note only that this issue was never raised at the administrative level and is not now properly before us (see Matter of Myles v Doar, 24 AD3d 677, 678 [2005]).

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.