Matter of Shore Winds, LLC v Zucker (2020 NY Slip Op 00026)





Matter of Shore Winds, LLC v Zucker


2020 NY Slip Op 00026


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

528679

[*1]In the Matter of the Shore Winds, LLC, et al., Appellants,
v
Howard Zucker, as Commissioner of Health, et al., Respondents.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


Harter Secrest & Emery LLP, Rochester (F. Paul Greene of counsel), for appellants.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondents.



Aarons, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered October 5, 2018 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, dismissed the petition/complaint.
Petitioners are the owners and operators of residential health care facilities that are licensed by the Department of Health. Respondent Commissioner of Health reimburses such facilities for services provided to Medicaid recipients by setting per diem rates per patient that are prospective in nature and based on capital and operating costs (see Matter of Blossom View Nursing Home v Novello, 4 NY3d 581, 585 [2005]). The operating cost component is derived from allowable operating costs incurred and reported in a base year. Those costs are then adjusted based upon inflation between the base year and the applicable rate period (see Public Health Law §§ 2807, 2808). After a rate is established, it is subject to an audit to determine whether the reported costs were accurate and, if discrepancies exist, the rate will be adjusted based upon such discrepancies (see Public Health Law § 32 [14]; 10 NYCRR 86-2.7; 18 NYCRR 517.3; 42 CFR 447.253 [g]; see also Public Health Law § 2807 [5]). Furthermore, "[a]udit adjustments which result in rate revisions must be applied to all rate periods which are affected by the audited costs" (18 NYCRR 517.14). The Office of the Medicaid Inspector General (hereinafter OMIG) is charged with auditing Medicaid providers and ensuring their compliance with applicable laws and regulations.
In a December 2017 letter, OMIG advised petitioner The Shore Winds, LLC that an audit for the base year of March 2003 to March 2004 resulted in an adjustment of its rates. OMIG further advised Shore Winds that the audit adjustment was used to calculate the operating portion of the rate for the period between April 2009 and December 2011 and that, as a consequence, Shore Winds had been overpaid in the amount of $217,876 for such period — an amount that OMIG sought to recoup. In March 2018, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment. Petitioners alleged four causes of action arguing that OMIG's attempt in the December 2017 letter to recoup the alleged overpayment was unauthorized. Respondents joined issue and sought dismissal of the petition/complaint. In an October 2018 judgment, Supreme Court dismissed the petition/complaint. Petitioners appeal. We affirm.
As an initial matter, we note that the petition/complaint takes issue with the December 2017 letter seeking recoupment of monies only from Shore Winds. The record contains no similar letter directed to either petitioner The Hurlbut, LLC or petitioner Seneca Nursing and Rehabilitation Center, LLC. Indeed, the petition/complaint admits that OMIG has demanded the recoupment payment only from Shore Winds. Because Hurlbut and Seneca Nursing have not suffered any injury-in-fact, they lack standing and the petition/complaint was correctly dismissed insofar as asserted by them (see generally Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-775 [1991]).[FN1]
Inasmuch as Shore Winds is the only petitioner that has standing, it argues, as part of its first cause of action, that a law enacted in 2009 (see L 2009, ch 58, § 1, part D, § 2) — the "scale back law" — prohibited OMIG from recouping the alleged overpayment. Shore Winds, however, concedes that we rejected this same argument in Matter of North Gate Health Care Facility, LLC v Zucker (174 AD3d 1201, 1204 [2019]) — a decision that was issued after this appeal was perfected. As such, the first cause of action was properly dismissed.
The second and third causes of action allege that OMIG failed to comply with the applicable regulations in seeking to recoup the overpayment and, even if it did, its actions were untimely. We disagree. OMIG is responsible for, among other things, the "recovery of improperly expended medical assistance funds" (Public Health Law § 31 [1] [c]). As mentioned, to carry out this function, residential health care facilities, such as Shore Winds, can be audited by OMIG (see 18 NYCRR 517.3). OMIG audited Shore Winds, and this audit resulted in a rate adjustment. Contrary to Shore Winds' assertion, OMIG acted properly pursuant to 18 NYCRR 517.14 — the controlling regulation — when implementing the results of that audit to all applicable rate periods. This implementation revealed an overpayment of $217,876 for the period between April 2009 and December 2011. Given that OMIG is authorized to recoup such overpayment (see 18 NYCRR 518.1 [d]), we find that OMIG did not run afoul of the applicable regulatory scheme. That said, the regulation does not delineate any specific time frame by when OMIG must apply audit adjustments to impacted rate periods (see 18 NYCRR 517.14) and, therefore, Shore Winds' additional claim that OMIG's actions were untimely is without merit.
As its fourth cause of action, Shore Winds relies on a universal settlement agreement entered into between various residential health care facilities and the state and alleges that OMIG's attempt to recoup the overpayment amounted to a breach of this agreement. Initially, respondents assert that, because this cause of action is one that seeks damages for breach of contract against the state, Shore Winds was required to bring it in the Court of Claims. We disagree. Regardless of how the claim was styled, Shore Winds is essentially challenging a determination by a state agency — i.e., OMIG — and the award of monetary relief, if any, would be incidental to such claim. Under these circumstances, we find that Supreme Court did not lack subject matter jurisdiction to entertain this claim (see Matter of Gross v Perales, 72 NY2d 231, 236 [1988]; cf. City of New York v State of New York, 46 AD3d 1168, 1169 [2007], lv denied 10 NY3d 705 [2008]).
Turning to the merits, the record discloses that the purpose of the universal settlement agreement was to resolve many pending rate appeals and litigation between many residential health care facilities, such as Shore Winds, and the state. Specifically, the settlement agreement applied to rate appeals and litigation dealing with the state's reimbursement methodology that was in effect prior to January 2012. Contrary to petitioners' claim, an adjustment required by 18 NYCRR 517.14 is not part of a reimbursement methodology. Rather, this adjustment implements the results after a final audit. Because this adjustment, which is what is at issue here, is not encompassed by the universal settlement agreement, petitioners' reliance on it is unavailing. We therefore conclude that the fourth cause of action was correctly dismissed.
Finally, to the extent that Shore Winds seeks declaratory relief in the petition/complaint, we find that it is not entitled to such relief. As mentioned, Shore Winds is essentially challenging a government agency determination and, therefore, Shore Winds' avenue for judicial relief lies in a CPLR article 78 proceeding (see Matter of Adirondack Med. Center-Uihlein v Daines, 119 AD3d 1175, 1176 [2014]; Matter of Grand Manor Nursing Home Health Related Facility, Inc. v Novello, 39 AD3d 1062, 1064 [2007], lv denied 9 NY3d 812 [2007]). To that end, as a general matter, "a declaratory judgment action is not the proper vehicle to challenge an administrative procedure where judicial review by way of [a CPLR] article 78 proceeding is available" (Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y., 62 NY2d 763, 765 [1984]). Shore Winds' remaining contentions have been considered and are without merit.
Garry, P.J., Lynch, Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although petitioners represent that OMIG has sought a recoupment payment from Seneca Nursing, OMIG's letter to Seneca Nursing postdates the instant petition/complaint and is matter dehors the record.