Matter of Escalera v Roberts (2021 NY Slip Op 02337)





Matter of Escalera v Roberts


2021 NY Slip Op 02337


Decided on April 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 15, 2021

530947
[*1]In the Matter of Abigal Escalera, Individually and on Behalf of C.M., Petitioner,
v
Samuel D. Roberts, as Commissioner of the Office of Temporary and Disability Assistance, Respondent.

Calendar Date:January 14, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Empire Justice Center, Albany (Susan C. Antos of counsel), for petitioner.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Colangelo, J.
Combined proceeding pursuant to CPLR article 78 and action for declaratory judgment (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Office of Temporary and Disability Assistance establishing petitioner's public assistance benefit.
Petitioner has received public assistance for herself intermittently from 1996 to mid-2019. When her grandson was born in 2012, he was added to her public assistance case and remained part of her case — except for brief periods when he was out of the household — until mid-2019, at which time petitioner started receiving federal Supplemental Social Security Income and no longer received public assistance from the state. The child has lived with petitioner since 2013, and petitioner has sole legal custody of the child. In April 2018, petitioner and the child were receiving Safety Net Assistance from the Monroe County Department of Social Services for a household of two people in the amount of $643 per month.[FN1] In May 2018, petitioner requested a fair hearing before the Office of Temporary and Disability Assistance (hereinafter OTDA) to challenge the public assistance budgeting utilized by Monroe County, contending that she and the child should be budgeted as two separate households and each should receive a monthly grant of $440. Following the fair hearing, OTDA determined that petitioner and the child were properly budgeted as a two-person household.
In January 2019, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking to annul OTDA's determination as arbitrary and capricious and in violation of the Social Services Law, and further seeking an award of retroactive benefits. Petitioner also sought declaratory relief and class certification on behalf of all similarly situated individuals. Respondent answered, seeking dismissal of the CPLR article 78 petition and, to the extent the declaratory judgment action stated a separate basis for relief, moved for summary judgment dismissing those claims. Petitioner cross-moved for summary judgment on all of her claims. Without ruling on the motions, Supreme Court transferred the matter to this Court (see CPLR 7804 [g]).[FN2]
Initially, although petitioner styled some of the relief sought as declaratory relief, a review of the petition/complaint reveals that her challenge is to the underlying determination by OTDA that is "properly the subject of a CPLR article 78 proceeding" (Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d 1063, 1064 [2021] [internal quotation marks and citations omitted]; accord Matter of Salu v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d 1059, 1061 [2021]; see CPLR 7803 [3]; Matter of Shore Winds, LLC v Zucker, 179 AD3d 1208, 1211 [2020], lv denied 35 NY3d 914 [2020]; Matter of Adirondack Med. Center-Uihlein v Daines, 119 AD3d 1175, 1176 [2014]). Accordingly, petitioner [*2]had an adequate remedy in the form of a CPLR article 78 proceeding and is not entitled to any declaratory relief (see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y., 62 NY2d 763, 765 [1984]; Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d at 1061; Matter of Shore Winds, LLC v Zucker, 179 AD3d at 1211).
Turning to the merits, petitioner contends that she and the child should have received two separate grants, each for a household of one, instead of a single grant for a household of two because a grandparent has no legal obligation to support a grandchild. "In a proceeding such as this, which challenges a determination made by an administrative agency as to the proper interpretation of statutes and regulations, the court's function is to ascertain, upon the proof before the agency, whether its determination had a rational basis in the record or, conversely, was arbitrary and capricious or affected by an error of law" (Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs., 71 AD3d 98, 109 [2010] [citations omitted]; see CPLR 7803 [3]; Matter of Board of Coop. Educ. Servs. for Second Supervisory Dist. of Erie, Chautauqua & Cattaraugus Counties v University of State Educ. Dept., 40 AD3d 1349, 1350 [2007]).
Social Services Law § 131-a (1) directs social services officials to "provide public assistance to needy persons who constitute or are members of a family household, who are determined to be eligible in accordance with standards of need" based upon household size (see Social Services Law § 131-a [2], [3]; 18 NYCRR 352.1 [a]). The principle of reduction in the amount of per capita assistance to individual recipients in multiperson households, and the determination of benefit on the basis of household size, has withstood constitutional challenge (see Matter of Padilla v Wyman, 34 NY2d 36, 40 [1974], appeal dismissed 419 US 1084 [1974]; Matter of Rosenfeld v Blum, 82 AD2d 559, 569 [1981]; Matter of Leone v Blum, 73 AD2d 252, 258 [1980], affd 53 NY2d 105 [1981]). In upholding the reduction of a grandmother's grant in consequence of her having joined her daughter and granddaughter to form a three-person household, the Court of Appeals explained that "[t]he rationale behind the reduction in amount of grants to recipients in a multiperson household is not obscure. The amount of a grant is directly related to the measure of a recipient's needs. In a multiperson household, the per capita cost of many items, since they are shared, will be less. This consequence involves no attribution of the contribution by any one member of the household to the maintenance of any other member. Each contributes his [or her] own share to the reduced pooled costs. Nor is any reduction in the standard of living implied" (Matter of Padilla v Wyman, 34 NY2d at 40; see Matter of James v Perales, 184 AD2d 700, 701 [1992]). "When the child is living with an eligible relative other than a parent, who [*3]is without adequate means of support, financial need shall be determined for the family unit in accordance with public assistance standards" (18 NYCRR 369.2 [a] [1] [ii] [a]). Further, "the number of persons in the public assistance household are those persons who the applicant, recipient or a representative indicates wish to receive public assistance and who reside together in the same dwelling unit" (18 NYCRR 352.30 [a]).
Inasmuch as there is no dispute that petitioner and the child were members of the same household and were both entitled to public assistance, we find that they were properly budgeted as a two-person household (see Social Services Law § 131-a [1]; 18 NYCRR 369.3 [a] [2] [i]). We therefore find that OTDA's determination has a rational basis in the record and should be confirmed (see Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs., 71 AD3d at 109, 113; Matter of Board of Coop. Educ. Servs. for Second Supervisory Dist. of Erie, Chautauqua & Cattaraugus Counties v University of State Educ. Dept., 40 AD3d at 1350; Matter of James v Perales, 184 AD2d at 701. We have examined petitioner's remaining contentions and find them lacking in merit.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Safety Net Assistance is a public assistance program for individuals who do not qualify for other federally-funded temporary assistance programs.

Footnote 2: We note that this proceeding was improperly transferred to this Court inasmuch as the petition failed to raise a question of substantial evidence (see Matter of Raymond Hadley Corp. v New York State Dept. of State, 86 AD3d 899, 900-901 [2011]; Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba, 238 AD2d 93, 96 [1998]). However, in the interest of judicial economy, we will retain jurisdiction and address the merits (see Matter of 2-4 Kieffer Lane LLC v County of Ulster, 172 AD3d 1597, 1599 [2019]; Matter of Raymond Hadley Corp. v New York State Dept. of State, 86 AD3d at 901).