Matter of Smith v City of Norwich (2022 NY Slip Op 02324)

Matter of Smith v City of Norwich

2022 NY Slip Op 02324

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

532967

[*1]In the Matter of Dennis Smith, Appellant- Respondent,
v
City of Norwich et al., Respondents- Appellants.

Calendar Date:February 17, 2022

Before: Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Spicer Law Office, Syracuse (Lewis G. Spicer of counsel), for appellant-respondent.
Coughlin & Gerhart, LLP, Binghamton (Angelo D. Catalano of counsel), for respondents-appellants.

McShan, J.
Cross appeals from a judgment of the Supreme Court (Burns, J.), entered October 29, 2020 in Chenango County, which, among other things, granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent City of Norwich denying petitioner's application for benefits pursuant to General Municipal Law § 207-a.
Less than six months after being hired as a full-time probationary firefighter by respondent City of Norwich, petitioner attended the Binghamton Fire Academy to complete an approved fire basic training program required of his position (see General Municipal Law § 209-w; 19 NYCRR 426.6). While practicing for one of the required physical tests, petitioner sustained an injury to his left knee and was unable to complete the training or return to active duty. He subsequently applied for benefits pursuant to General Municipal Law § 207-a, but that application was denied on the ground that petitioner's injury did not occur during the performance of his duties. Because the collective bargaining agreement between the City and petitioner's union contained no provision for an administrative appeal of the denial, petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking to annul the City's determination as arbitrary and capricious and in violation of General Municipal Law § 207-a. Petitioner also sought declaratory relief in the form of a declaration that he is entitled to General Municipal Law § 207-a benefits. Respondents joined issue and simultaneously moved to dismiss the petition. Supreme Court denied respondents' motion and annulled the determination, but declined to grant the declaratory relief sought. Petitioner appeals from so much of the judgment as denied his request for declaratory relief, and respondents cross-appeal from that part of the judgment that denied their motion to dismiss and annulled the determination.
Where, as here, an administrative determination is made where an evidentiary hearing is not required by law, this Court's review is limited to whether the determination had a rational basis and was not arbitrary and capricious (see CPLR 7803 [3]; Matter of Ward v City of Long Beach, 20 NY3d 1042, 1043 [2013]; Matter of Dalotto v New York State Dept. of Labor, 195 AD3d 1180, 1181 [2021], lv denied 37 NY3d 914 [2021]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009] [citations omitted]; accord Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 652 [2013]).
General Municipal Law § 207-a provides for the payment of the full amount of regular salary or wages to a firefighter who is injured "in the performance of" or "as a result of" his or her job duties (General Municipal Law § 207-a [1]; 
see Matter of Ridge Rd. Fire Dist. v [*2]Schiano, 16 NY3d 494, 497 [2011]; Matter of White v County of Cortland, 97 NY2d 336, 339 [2002]). To be eligible for benefits, a firefighter need only demonstrate "a direct causal relationship between job duties and the resulting illness or injury" (Matter of White v County of Cortland, 97 NY2d at 340; accord Matter of Theroux v Reilly, 1 NY3d 232, 243-244 [2003]; Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v County of Sullivan, 173 AD3d 1545, 1547 [2019]), without regard to "whether the specific injury-causing activity was one entailing the 'heightened risk'" posed to firefighters (Matter of Theroux v Reilly, 1 NY3d at 241; see Matter of Schafer v Reilly, 3 NY3d 691, 692 [2004]). The term "duties" in General Municipal Law § 207-a "encompasses the full range of a covered employee's job duties" (Matter of Theroux v Reilly, 1 NY3d at 244; accord Matter of Martino v County of Albany, 47 AD3d 1052, 1053 [2008]).
We agree with Supreme Court that the denial of petitioner's application for General Municipal Law § 207-a benefits was arbitrary and capricious. In its denial letter, the City set forth that the application was denied on the ground that petitioner's alleged injury occurred while training, not as a result of the performance of his duties. However, General Municipal Law § 209-w and the governing regulations require that probationary firefighters, such as petitioner, complete an approved fire basic training program within a proscribed period of time following their initial hire (see General Municipal Law § 209-w [1]; 19 NYCRR 426.5, 426.6 [a]).[FN1] Petitioner was injured while practicing for the candidate physical ability test, a mandatory component of the required training (see 19 NYCRR 426.6 [b], [c] [12]). Although petitioner's injury did not occur in the course of his actual performance of the required test, successful completion of the candidate physical ability test was a necessary requirement of petitioner's position, and petitioner was engaged in the expected and foreseeable task of practicing for that test during a mandatory training program that was part of his duties as a probationary firefighter (cf. Matter of O'Mahony v DiNapoli, 157 AD3d 1107, 1109 [2018]; Matter of Fanning v DiNapoli, 140 AD3d 1582, 1583 [2016]; Matter of Stimpson v Hevesi, 38 AD3d 979, 980 [2007]). The record further reflects that petitioner was attending the Fire Academy at the direction of the City, that the training was paid for by the City and that petitioner was receiving full pay for his attendance and participation in the program. Mindful that, as a remedial statute, General Municipal Law § 207-a "should be liberally construed in favor of the injured employees the statute was designed to protect" (Matter of White v County of Cortland, 97 NY2d at 339; see Matter of McKay v Village of Endicott, 139 AD3d 1327, 1329 [2016], lv denied 28 NY3d 912 [2017]; Matter of Uniform Firefighter of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, [*3]258 AD2d 24, 27 [1999], affd 94 NY2d 686 [2000]), we find that the requisite causal relationship exists between petitioner's job duties and his injury (see Matter of White v County of Cortland, 97 NY2d at 339; Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v County of Sullivan, 173 AD3d at 1547; compare Matter of Martino v County of Albany, 47 AD3d at 1053).
This notwithstanding, respondents stress the fact that petitioner, having failed to complete the training program, had not yet obtained the certification of basic training required for firefighters (see General Municipal Law § 209-w; 19 NYCRR 426.5). Because petitioner was not a "certified firefighter" at the time of his injury, the argument continues, he was not authorized to perform the duties of a firefighter and could not, therefore, have been injured in the performance of his duties as a firefighter within the meaning of the statute. The fallacy with this argument is that the benefits authorized by General Municipal Law § 207-a are not limited to firefighters who have obtained the requisite certification of fire basic training. Rather, the statute provides that payment of benefits shall be made to "[a]ny paid firefighter which term as used in this section shall mean any paid officer or member of an organized fire company or fire department of a city of less than one million population, . . . who is injured in the performance of his or her duties" (General Municipal Law § 207-a [1] [emphasis added]). The statute thus plainly applies to "any paid . . . member" of a municipal fire department and draws no distinction between certified and noncertified firefighters. If the Legislature had intended to restrict General Municipal Law § 207-a eligibility to only those firefighters who had obtained the required certification of basic training at the time of their injury, it easily could have and surely would have written the statute to say so. "We may not create a limitation that the Legislature did not enact" (Matter of Theroux v Reilly, 1 NY3d at 240; accord Matter of Diegelman v City of Buffalo, 28 NY3d 231, 237 [2016]; see McKinney's Cons Laws of NY, Book 1, Statutes § 363, Comment at 525 ["a court cannot amend a statute by inserting words that are not there"]). Construing the "statutory words in light of their plain meaning without resort to forced or unnatural interpretations" (Fleming v Graham, 10 NY3d 296, 300 [2008] [internal quotation marks and citation omitted]; see Matter of Theroux v Reilly, 1 NY3d at 240), we conclude that the benefits afforded by General Municipal Law § 207-a are available to both certified and noncertified "paid firefighter[s]" who are injured in the performance of their duties (General Municipal Law § 207-a [1]; cf. Matter of Stimpson v DeLong, 30 AD3d 532, 533-534 [2006]). Thus, respondents' determination that petitioner's injury did not arise in the performance of his duties lacked a rational basis.
Respondents nevertheless ask us to find [*4]a rational basis for the denial of the application on the ground that petitioner failed to demonstrate that his knee injury was causally related to the training he was engaged in, as opposed to a preexisting injury. However, "judicial review of an administrative determination is limited to the grounds invoked by the agency" (Matter of Save America's Clocks, Inc. v City of New York, 33 NY3d 198, 209-210 [2019] [internal quotation marks and citation omitted]; see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 16 NY3d 360, 368 [2011]; Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 678 [1997]). Consistent with this "bedrock principle of administrative law" (Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 16 NY3d at 368), "[i]f the reasons an agency relies on do not reasonably support its determination, the administrative order must be overturned and it cannot be affirmed on an alternative ground that would have been adequate if cited by the agency" (id.; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74 [2017]; Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991]). The only ground offered by the City in its denial letter, by checking the appropriate box therein, was that petitioner was not injured in the performance of his duties.[FN2] Although the form letter listed various other potential reasons for the denial of benefits — including that the applicant failed to produce medical evidence showing a causal connection between the alleged disability and the performance of duties — the City failed to check the box for any such other reason. Having failed to rely upon this ground at the time it denied petitioner's application, we cannot consider it in evaluating the rationality of the administrative determination (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 74; Scanlan v Buffalo Pub. Sch. Sys., 90 NY2d at 678; Matter of Vargas [Mason ESC LLC — Commissioner of Labor], 185 AD3d 1339, 1340 [2020]).
Finally, Supreme Court properly denied petitioner's request for declaratory relief. Although petitioner styled some of the relief sought as declaratory in nature, in essence, his challenge was to the underlying determination by respondents to deny his application for General Municipal Law § 207-a benefits. Such challenge is "properly the subject of a CPLR article 78 proceeding" (Matter of Lynch v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d 1063, 1064 [2021] [internal quotation marks and citation omitted], lv denied 37 NY3d 903 [2021], cert denied ___ US ___, 142 S Ct 800 [2022]; accord Matter of Escalera v Roberts, 193 AD3d 1232, 1233 [2021]; see Matter of Shore Winds, LLC v Zucker, 179 AD3d 1208, 1211 [2020], lv denied 35 NY3d 914 [2020]). Petitioner therefore has an adequate remedy in the form of a CPLR article 78 proceeding and is not entitled to declaratory relief[*5](see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y., 62 NY2d 763, 765 [1984]; Matter of Escalera v Roberts, 193 AD3d at 1233; Matter of Shore Winds, LLC v Zucker, 179 AD3d at 1211).
The parties' remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be lacking in merit.
Garry, P.J., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Petitioner, as a full-time probationary firefighter, had 18 months from the time of his hire — or until March 2021 — to obtain the requisite certification (see 19 NYCRR 426.5 [a]).

Footnote 2: The City added, in a space entitled "other grounds," that the injury occurred while training.