Matter of Dimino v McGinty (2022 NY Slip Op 06198)

Matter of Dimino v McGinty

2022 NY Slip Op 06198

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

531328
[*1]In the Matter of Thomas Dimino, Petitioner,
v
Anthony McGinty, as Acting Supreme Court Justice, Respondent.

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Jonna Spilbor Law, Poughkeepsie (Dorothy B. Trochez of counsel), for petitioner.
Letitia James, Attorney General, Albany (Jennifer Clark of counsel), for respondent.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent denying petitioner's application for an unrestricted concealed carry pistol permit.
In 2019, petitioner applied for an unrestricted concealed carry pistol permit in Ulster County (see Penal Law § 400.00 [former (2) (f)]). As part of the application process, petitioner revealed his criminal history, which consisted of a burglary charge that was adjourned in contemplation of dismissal in 1999 when he was still a minor and a guilty plea in 2004 to driving while ability impaired. Petitioner also submitted four character references. Each character reference was required to answer the question: "To your knowledge, has [petitioner] ever been arrested?" Only the person who filled out the first reference was aware that petitioner had previously been arrested. At an appearance on the application, respondent — the licensing officer — and petitioner engaged in a discussion as to why petitioner did not tell three of the people who wrote his references about his arrest history and petitioner indicated that they did not know about it and that he was "trying to put it behind [him]." Respondent ultimately denied petitioner's application on the basis that he did not "tell people about this history that is important to [the] determination" of whether to issue the permit. Petitioner then commenced this CPLR article 78 proceeding in this Court to annul respondent's determination.
Petitioner contends that the decision to deny his application was arbitrary and capricious and an abuse of discretion because there was no requirement that he disclose his prior arrest history to the individuals who filled out his character references and because he did not understand the importance that would be placed on their lack of knowledge. To be eligible for a pistol license — regardless of what type of license — the applicant must be, among other eligibility criteria, "of good moral character" (Penal Law § 400.00 [1] [b]).[FN1] "An application shall state . . . facts as may be required to show the good character, competency and integrity of each person or individual signing the application" (Penal Law § 400.00 [3] [a]). Licensing officers "may issue a pistol permit only after investigation and finding that all statements in a proper application for a license are true" and they "have broad discretion in ruling on such applications and may deny them for any good cause" (Matter of Ricciardone v Murphy, 159 AD3d 1200, 1200-1201 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Feerick v McGuire, 159 AD3d 1155, 1156 [3d Dept 2018]). "A determination to deny a pistol permit . . . will not be disturbed absent an abuse of discretion or a showing that the determination was made in an arbitrary and capricious manner" (Matter of Ricciardone v Murphy, 159 AD3d at 1201 [citations omitted]; see Matter of Falcone v O'Connor, 117 AD3d 1247[*2], 1248 [3d Dept 2014]).
As part of his application, petitioner provided, among other things, his past criminal history and four character references. All of these character references conveyed a positive impression of him. However, only one of them indicated knowledge of petitioner's arrest history. Additionally, the one person who stated he was aware of petitioner's arrest history — petitioner's former employer — also indicated that he was not aware of petitioner ever "engag[ing] in any illegal activity." At the appearance, respondent asked why petitioner did not tell the three references who were unaware of his arrest history about his arrests and petitioner replied, "I didn't tell them. None of them had known about my last 20 years, when I was younger." Upon further inquiry by respondent, petitioner stated, "I'm trying to put it behind me. I had a bad incident when I was younger and I've gone past that and tried not to look back at the mistakes I have done in my lifetime." Respondent told petitioner that he was not "holding the fact that [petitioner had] been arrested in the past against [him] because it's so long ago" but expressed concern that he had not informed his references of his arrest history despite "knowing that that was going to be an issue." Respondent informed petitioner that "the pistol permit application is all about disclosure" and that, because petitioner didn't tell people about his history, the application was being denied.
Respondent's determination was not arbitrary and capricious or an abuse of discretion. Given that petitioner's good moral character is a necessary element of the determination to issue a pistol permit (see Penal Law § 400.00 [1] [b]), respondent rationally concluded that petitioner had not selected character references who could best speak to that character because most of them were not aware of all of the necessary information. In response to questioning, petitioner could not give a clear answer as to why he had not informed anyone about his arrest history and instead seemed to provide reasons for why they had not known in general. Based on the foregoing, respondent rationally denied petitioner's application (see Matter of Novick v Hillery, 183 AD2d 1007, 1007 [3d Dept 1992]; see also Matter of Ricciardone v Murphy, 159 AD3d at 1201).
Clark, J.P., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: We note that Penal Law § 400.00 (former [2] [f]) required that an applicant seeking to have and carry a concealed firearm demonstrate "proper cause" for the issuance of the license. This requirement was recently struck down as unconstitutional by the Supreme Court of the United States (see New York State Rifle & Pistol Assn., Inc. v Bruen, ___ US ___, ___, 142 S Ct 2111, 2122-2125 [2022]). However, this recent ruling did not strike down or even discuss the eligibility criteria set forth in subdivision (1), which is the only portion of the statute that is relevant to this matter.