Matter of DiPerna-Gillen v Ryba (2023 NY Slip Op 02151)

Matter of DiPerna-Gillen v Ryba

2023 NY Slip Op 02151

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

532863
[*1]In the Matter of Cheryl A. DiPerna-Gillen, Petitioner,
v
Christina L. Ryba, as Justice of the Supreme Court, Respondent.

Calendar Date:March 30, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Abelove Law, PC, Albany (Joel E. Abelove of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application to remove restrictions on her pistol permit.
Petitioner was granted a pistol permit in 2017 that was restricted to hunting and target shooting. In 2019, respondent denied petitioner's request to remove the restrictions. Following a hearing in November 2020, respondent again denied petitioner's request to amend her pistol permit by removing the restrictions, finding that she had failed to demonstrate "proper cause" for the issuance of an unrestricted conceal carry permit or a change in circumstances since the issuance of the permit in 2017. Petitioner commenced this CPLR article 78 proceeding against respondent in this Court seeking to annul the determination.
At the time that respondent issued the challenged determination, Penal Law § 400.00 (former [2] [f]) required applicants for unrestricted, concealed carry pistol permits to demonstrate "proper cause" for the issuance of such license (see Matter of O'Brien v Keegan, 87 NY2d 436, 438 [1996]; Matter of Dimino v McGinty, 210 AD3d 1150, 1151 n [3d Dept 2022]).[FN1] However, on June 23, 2022, subsequent to respondent's determination, the Supreme Court of the United States held that the denial of a license for failure to satisfy the "proper cause" standard was unconstitutional under the Second and Fourteenth Amendments (see New York State Rifle & Pistol Assn., Inc. v Bruen, ___ US ___, ___, 142 S Ct 2111, 2122-2125, 2156 [2022]; US Const 2d, 14th Amends). We apply the law as it exists at the time of this special proceeding, rather than the standard — ruled unconstitutional — employed at the time of the determination (see Matter of Asman v Ambach, 64 NY2d 989, 990 [1985]; Post v 120 E. End Ave. Corp., 62 NY2d 19, 28-29 [1984]; see also People v Vasquez, 88 NY2d 561, 573 [1996]).[FN2] Accordingly, we are compelled to annul the determination in that it was based upon an unconstitutional standard (see Matter of Callahan v City of New York, 208 AD3d 422, 423 [1st Dept 2022]).[FN3] The fact that the determination challenged is respondent's denial of petitioner's application for an amendment to her pistol permit, rather than an initial permit application, does not warrant a different result.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is annulled, on the law, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The "proper cause" requirement was removed from the statute (see L 2022, ch 371, §§ 1, 26 [effective Sept. 1, 2022]) and does not appear in its current version (see Penal Law § 400.00 [2]).

Footnote 2: Correspondingly, upon remittal, Supreme Court is required to apply the law as it exists at the time, including the recently enacted Concealed Carry Improvement Act (L 2023, ch 371), except to the extent enforcement has been enjoined or stayed (see e.g. Antonyuk v Hochul, ___ F Supp 3d ___, 2022 WL 5239895, 2022 US Dist LEXIS 182965 [ND NY, Oct. 6, 2022, No. 1:22-CV-0986 (GTS/CFH)]; see also Antonyuk v Hochul, ___ F3d ___, 2022 WL 18228317, 2022 US App LEXIS 36240 [2d Cir, Dec. 7, 2022, 22-2908 (L), 22-2972 (Con)]; but see Antonyuk v Nigrelli, 598 US ___, 143 S Ct 481 [Mem] [2023]).

Footnote 3: To the extent that the Attorney General attempts, inexplicably, to justify the determination based upon petitioner's "fail[ure] to explain why her stated self-defense needs were not already adequately and independently addressed by her husband's recent acquisition of an unrestricted concealed carry license," we note that this was not a basis for the denial of this application and "judicial review of an administrative determination is limited to the grounds invoked by" respondent (Matter of Smith v City of Norwich, 205 AD3d 140, 145 [3d Dept 2022]). More to the point, the statutory framework contains no such required showing and, suffice it to say that petitioner's Second Amendment rights are not dependent on her spouse's acquisition of an unrestricted concealed carry pistol permit.